```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
MISAEL MONTALVO,

                         Plaintiff,            06-CV-6608

              v.                               DECISION
                                               and ORDER
JO ANNE B. BARNHART, Commissioner
of Social Security,

                         Defendant.
_____
```

## INTRODUCTION

Plaintiff Misael Montalvo ("Montalvo") brings this action pursuant to Titles II and XVI of the Social Security Act ("Act"), § 201 et. seq. (codified at 42 U.S.C. § 401 et. seq. and 42 U.S.C. § 1381 et. seq.) claiming that the Commissioner of Social Security ("Commissioner") improperly denied his application for disability benefits and supplemental security income payments.[1] Specifically, Montalvo alleges that the decision of an Administrative Law Judge ("ALJ") denying his application for benefits was erroneous because it was not supported by substantial evidence in the record.

The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law. Montalvo opposes the defendant's motion and seeks reversal of the decision or, in the alternative, remand to the Commissioner for further development and consideration of the record.

---

[1] This case (formerly civil case 01-CV-0069-E(Sr)) was transferred to the undersigned by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated December 4, 2006.

**BACKGROUND**

On November 5, 1999, plaintiff Misael Montalvo applied for disability insurance benefits and Supplemental Security Income payments, claiming that he had become unable to work as of September 23, 1999 because of diabetes mellitus, depression and headaches. Montalvo's application was denied without a hearing both initially and upon reconsideration. Thereafter, Montalvo requested a hearing before an ALJ which took place on March 7, 2001. Plaintiff was represented by counsel at the hearing. A vocational expert was also present and testified.

In a decision dated March 22, 2001, the ALJ found that although Montalvo's insulin dependent diabetes mellitus and major depression were severe, he retained the residual functional capacity to perform "full range of medium work" with some restrictions , and therefore was not disabled within the meaning of the Act and thus not entitled to receive Social Security benefits. This decision became final on November 21, 2001 when the Appeals Council denied review of the ALJ's decision. This action followed.

**DISCUSSION**

**I.   Jurisdiction and Scope of Review**

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by

substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v NLRB, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983).

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp 265, 267 (S.D. Tex. 1983) (citation omitted). Defendant moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Judgment on the pleadings may be granted where material facts are undisputed and where judgment on the merits is possible merely by considering the contents of pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the court is convinced that "plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief," judgment on the pleadings may be appropriate. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). However, if the decision of the Commissioner is based upon legal error, that decision will not stand. Dixon v. Heckler, 600 F.Supp. 141, 145 (S.D.N.Y. 1985). Where there are gaps in the administrative record or the ALJ has applied an improper legal standard, remand to the Commissioner for further development of the evidence is in order. See Rosa v. Callahan, 168 F.3d 72, 82-83 (2d Cir. 1999).

Because the court determines that the ALJ failed to take into consideration any aspect of the vocational expert's testimony that included discussion of the report of plaintiff's mental health counselor as well as the ALJ's failure to hold the record open for evidence from a scheduled examination by plaintiff's treating psychiatrist, or ordering a consultative examination or in any way seeking to develop the record as it relates to plaintiff's mental health impairments, I hereby deny defendant's motion for judgement on the pleadings and remand this claim to the Commissioner for further proceedings consistent with this decision.

## II. **The Commissioner's decision to deny Plaintiff benefits was erroneous because it was based on incomplete information**

The ALJ made the determination based on the evidence before him that plaintiff did not suffer from a disability under the Social Security Act. A disability is defined by 42 U.S.C. § 423(d) as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d) (1991). Specifically, the ALJ found that while plaintiff suffered from diabetes mellitus, headaches and was diagnosed with major depression including symptoms of depressed mood, diminished interest in pleasurable activities, anhedonia,[2] weight loss without diet, agitation, anger,

---

[2] Anhedonia is defined as loss of the capacity to experience pleasure. The inability to gain pleasure from normally pleasurable experiences. It is a core clinical feature of depression and some other mental illnesses. See The Merck Manual of Medical Information, 1997.

sleep disturbance, decreased ability to think and poor concentration, those conditions did not rise to the level of an impairment under the Social Security Regulations. Further, while accepting evidence consisting of a letter and functional assessment from plaintiff's mental health counselor, the ALJ refused to hold the record open for the results of an examination by a psychiatrist which was scheduled to take place six days after the hearing.

The ALJ applied the five-step sequential procedure for evaluating a disability claim.[3] 20 C.F.R. §§ 404.1520 and 416.920; see Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005); see also Fleming v. Barnhart, 284 F.Supp 2d 256, (D. Md. 2003). The ALJ determined that the plaintiff was not engaged in substantial gainful employment; plaintiff does not have an "impairments or combination of impairments" listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4; the impairments are severe; plaintiff is unable to perform any of his past relevant work; and that plaintiff retained the residual functional capacity to perform the functional requirements of medium work. The ALJ further found that Montalvo's capacity to perform the full range of medium work was reduced by his non-exertional limitations which he found to be a limited ability to understand, remember and carry out

---

[3]The regulation's five-step sequential process is as follows: (1) Is the claimant engaged in substantial gainful activity; (2) If not, does the claimant have an impairment or combinations of impairments which meets or equals the severity of an impairment listed in Appendix 1; (3) If claimant has an impairment(s) that meets or equals one of the listings in Appendix 1and meets the duration requirement, claimant will be found disabled; (4) If not, then the Commissioner must determine if claimant remains capable of performing past relevant work in light of existing impairment(s); (5) If the Commissioner determines that the claimant is not capable of performing his past relevant work, the Commissioner must determine whether, considering the claimant's age, education, past work experience and residual functional capacity, he is capable of performing other work, which exists in the national economy.

complex and detailed tasks as well as having moderate limitations in attention and concentration for extended periods of time. The ALJ found that those non-exertional limitations, however, did not compromise Montalvo's ability to find jobs that exist in significant numbers in the national economy including working as a fish cutter, small production line assembler and assembler. Thus, the ALJ concluded that Montalvo was not disabled.

The ALJ however, failed to consider the combined effect of plaintiff's physical and mental impairments. Under the Social Security Regulations, where a claimant has alleged several impairments, the ALJ is obligated to consider the disabling effect of the combination of plaintiff's impairments without regard to whether any one impairment, if considered separately, would be disabling. See 20 C.F.R. § 404.1523; Dixon v. Shalala, 54 F.3d 1019, 1031 (2d Cir.1995). "In such instances, it is the duty of the [ALJ] to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled." See Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir.1984).

The ALJ discussed plaintiff's diabetes mellitus and major depression, but made no specific and well-articulated findings as to whether the combination of these impairments caused plaintiff to be disabled. Plaintiff was diagnosed with major depression and his mental health counselor opined that plaintiff had no useful ability to deal with stresses or to maintain attention and concentration and his ability was seriously limited. While accepting the mental

health counselor's letter, the ALJ refused plaintiff's request to hold the record open for the anticipated evidence from plaintiff's psychiatric evaluation scheduled just six days after the hearing. Consequently, the counselor's letter constituted the sole evidence concerning the degree of impairment of plaintiff's mental disability. No further evidence was developed by the state agency and plaintiff's mental health was not considered at the initial stage or reconsideration level. This is error requiring remand.

The ALJ has an obligation to fairly consider all relevant evidence in the record. It is well-settled that the ALJ determination cannot be upheld when it "improperly disregards highly probative evidence." See Thorpe v. Apfel, 1998 WL 683737 (W.D.N.Y. 1998). The ALJ allowed no further development of the record and formed his own medical opinion regarding plaintiff's mental impairments based on incomplete medical records.[4] Further, the ALJ did not discuss any aspect of the vocational expert's testimony that included discussion of the report of plaintiff's mental health counselor upon which plaintiff's cross-examination was based.

Upon remand the ALJ shall reevaluate whether the Commissioner has shown that plaintiff's capability to perform the full range of medium work was not significantly diminished by his non-exertional limitations. Further, the ALJ is to consider medical evidence

---

[4] At the final step of the sequential evaluation, the Commissioner bears the burden of producing evidence of substantial gainful activity that the claimant can perform once the claimant has shown either that he has no past relevant work or that he can no longer meet the exertional and non-exertional demands of such work. See Barry v. Sheiker, 675 F.2d 464, 467 (2d Cir. 1982); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

concerning plaintiff's mental health impairment as it relates to his ability to work and further develop the record of plaintiff's mental health disorder.

## CONCLUSION

Because the court finds that the Commissioner's decision was not made in accordance with the applicable law, defendant's motion for judgment on the pleadings is denied. The case is remanded to the Commissioner for further proceedings in accordance with this opinion. This Court retains jurisdiction in the event any further proceedings arise, which require the review of the decision of the Commissioner.

ALL OF THE ABOVE IS SO ORDERED.

                                        s/Michael A. Telesca
                                          MICHAEL A. TELESCA
                                    United States District Judge

Dated:   Rochester, New York
           February 8, 2007